IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIDGEVIEW IP LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>CENGAGE LEARNING, INC.,<br><br>                    Defendant. | C.A. No. 22-557-VAC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CENGAGE LEARNING, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Cengage Learning, Inc. ("Cengage") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Ridgeview IP LLC's ("Plaintiff's") Complaint for Patent Infringement ("Complaint"). Cengage denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## I.    PARTIES

1. Cengage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Cengage admits that it is a corporation organized and existing under the laws of Delaware with a place of business at 10650 Toebben Drive, Independence, KY 41051, and with a registered agent at The Prentice-Hall Corporation System, Inc., 251 Little Falls Drive, Wilmington, DE 19808.

## II.    JURISDICTION

3. Cengage admits the Complaint purports to set forth an action for patent

---

[1] To avoid doubt, Cengage denies liability for any allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

infringement under Title 35 of the United States Code. Cengage denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Cengage denies any remaining allegations in Paragraph 3 of the Complaint.

4. Cengage admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent. Cengage denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Cengage denies any remaining allegations in Paragraph 4 of the Complaint.

5. Cengage does not contest whether this District has personal jurisdiction over it in this case. Cengage does not contest that venue is proper in this District in this case. Cengage denies it has committed or is committing acts of infringement. Cengage denies any remaining allegations in Paragraph 5 of the Complaint.

### III.   VENUE

6. Cengage does not contest that venue is proper in this District in this case. Cengage denies it has committed or is committing acts of infringement. Cengage denies any remaining allegations in Paragraph 6 of the Complaint

### IV.   PATENT-IN-SUIT

7. Cengage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

### V.   THE '270 PATENT

8. Cengage admits that a purported copy of U.S. Patent No. 6,983,270 (the "'270 Patent") is attached to the Complaint as Exhibit 1 and that the face of the '290 Patent indicates that it is titled "Method and apparatus for displaying database search results," was filed on January 24, 2001, and issued on January 2, 2006. Cengage denies any remaining allegations in Paragraph 8 of the Complaint.

9. Cengage denies the allegations in Paragraph 9 of the Complaint.

## VI.    COUNT I: [ALLEGED] INFRINGEMENT OF THE '270 PATENT

10.    Cengage incorporates by reference paragraphs 1-9 above.

11.    **[Alleged] Direct Infringement:** Cengage denies the allegations in Paragraph 11 of the Complaint.

12.    Cengage denies the allegations in Paragraph 12 of the Complaint.

13.    Cengage denies the allegations in Paragraph 13 of the Complaint.

14.    Cengage denies the allegations in Paragraph 14 of the Complaint.

15.    Cengage denies the allegations in Paragraph 15 of the Complaint.

## VII.    JURY DEMAND

Cengage is not required to respond to Plaintiff's demand for a jury trial.

## VIII.    PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Cengage denies that Plaintiff is entitled to any judgment against Cengage and/or an order granting relief in any of the forms requested in parts a–e.

**AFFIRMATIVE DEFENSES**

Cengage's Affirmative Defenses are listed below. Cengage reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### I. FIRST AFFIRMATIVE DEFENSE

Cengage has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent No. 6,983,270 (the "'270 Patent").

### II. SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '270 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### III. THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the '270 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Cengage's actions allegedly infringe the '270 Patent, Cengage is not liable to Plaintiff for the acts alleged to have been performed before Cengage received actual notice that it was allegedly infringing the '270 Patent.

### IV. FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Cengage is found to indirectly infringe, either by contributory infringement or inducement of infringement, Cengage is not liable to Plaintiff for the acts alleged to have been performed before Cengage knew that its actions would cause indirect infringement.

### V. FIFTH AFFIRMATIVE DEFENSE

The claims of the '270 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Cengage.

### VI.     SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Cengage infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the '270 Patent.

### VII.    SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '270 Patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.

### VIII.   EIGHT AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### IX.     NINTH AFFIRMATIVE DEFENSE

Should Cengage be found to infringe any valid, enforceable claim of the '270 Patent, such infringement was not willful.

### X.      TENTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '270 Patent against Cengage is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## XI.     **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system or method employed by Cengage preforms the steps of: (1) "displaying a set of entries from a database and a set of operators, wherein ones of said displayed set of entries and ones of said displayed set of operators are selected to form a database search query for producing valid results"; (2) "selecting an initial entry of said displayed set of entries"; (3) "displaying a set of valid results from a query based on said selected entry"; (4) "updating said set of displayed operators based on said selected entry, wherein said updated set of displayed operators includes only operators from the set of operators, wherein the operators combined in a query with the selected entry and at least one of the set of entries from the database produce at least one valid result"; (5) "selecting an operator from the updated displayed set of operators"; (6) "updating said displayed set of entries in response to the selected operator, wherein said updated displayed set of entries includes only entries from the database, wherein the entries combined in a query with the selected entry and the selected operator produce at least one valid result"; (7) "selecting one of said updated displayed set of entries"; (8) "updating said displayed set of valid results according to a query based on the selected entries and the selected operator"; or (9) "while said updated displayed set of valid results is not the desired result, repeating steps d. through h., based on all previously selected entries and operators, to select an additional operator and an additional entry for the database search query, and to update said displayed set of valid results."

## CENGAGE'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Ridgeview IP LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Cengage Learning, Inc. ("Cengage") alleges as follows:

### I.     PARTIES

1. Cengage is a corporation organized and existing under the laws of the Delaware with a place of business at 10650 Toebben Drive, Independence, KY 41051.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas limited liability corporation having an address at 3333 Preston Road STE 300, #1070, Frisco, TX 75034.

### II.    JURISDICTION

3. Cengage incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

### III.   COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. Cengage incorporates by reference Paragraphs 1–6 above.

8. Based on Counterclaim Defendant's filing of this action and at least Cengage's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Cengage infringes U.S. Patent No. 6,983,270 (the "'270 Patent").

9. Cengage does not infringe at least Claim 1 of the '270 Patent because, *inter alia*, no system or method employed by Cengage performs the steps of: (1) "displaying a set of entries from a database and a set of operators, wherein ones of said displayed set of entries and ones of said displayed set of operators are selected to form a database search query for producing valid results"; (2) "selecting an initial entry of said displayed set of entries"; (3) "displaying a set of valid results from a query based on said selected entry"; (4) "updating said set of displayed operators based on said selected entry, wherein said updated set of displayed operators includes only operators from the set of operators, wherein the operators combined in a query with the selected entry and at least one of the set of entries from the database produce at least one valid result"; (5) "selecting an operator from the updated displayed set of operators"; (6) "updating said displayed set of entries in response to the selected operator, wherein said updated displayed set of entries includes only entries from the database, wherein the entries combined in a query with the selected entry and the selected operator produce at least one valid result"; (7) "selecting one of said updated displayed set of entries"; (8) "updating said displayed set of valid results according to a query based on the selected entries and the selected operator"; or (9) "while said updated displayed set of valid results is not the desired result, repeating steps d. through h., based on all previously selected entries and operators, to select an additional operator and an additional entry for the database search query, and to update said displayed set of valid results."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Cengage requests a declaration by the Court that Cengage has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '270 Patent.

### IV. COUNT II: DECLARATION REGARDING INVALIDITY

11. Cengage incorporates by reference Paragraphs 1–11 above.

12. Based on the filing of this action and at least Cengage's Second Affirmative Defense,

an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '270 Patent.

13. The claims of the '270 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,303,361; 5,924,090; 5,995,979; 6,070,158; and 8,572,139.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Cengage requests a declaration by the Court that the claims of the '270 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## V. PRAYER FOR RELIEF

WHEREFORE, Cengage asks this Court to enter judgment in Cengage's favor and against Counterclaim Defendant by granting the following relief:

a) a declaration that Cengage does not infringe any valid claim of the '270 Patent that may be enforceable;

b) a declaration that the '270 Patent is invalid;

c) a declaration that Counterclaim Defendant take nothing by its Complaint;

d) judgment against Counterclaim Defendant and in favor of Cengage;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Cengage of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## VI. JURY DEMAND

Cengage hereby demands trial by jury on all issues.

Dated: May 27, 2022

FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
Jeremy D. Anderson (No. 4515)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 658-5070 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
Rodeen Talebi
Philip Brown
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
bonilla@fr.com
talebi@fr.com
pgbrown@fr.com

*Attorneys for Defendant Cengage Learning, Inc.*